**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**RANDALL LAMONT ROLLE,**

    **Plaintiff,**

v.                                                 **Case No: 5:15-cv-192-Oc-ACC-PRL**

**UNITED STATES MARSHALS**
**SERVICE**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This matter is before the court on *pro se* Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as a motion for leave to proceed *in forma pauperis*. In his Complaint, Plaintiff alleges constitutional violations by the United States Marshals Service arising from his arrest in 2002. (Doc. 1). For the reasons explained below, I recommend that Plaintiff's Complaint be dismissed as frivolous.

### I.    LEGAL STANDARDS

In considering requests to proceed *in forma pauperis*, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). However, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Notably, an action is frivolous or malicious where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989); *see also Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory). Where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may "conclude a case has little or no chance of success and dismiss the complaint before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

**II.     DISCUSSION**

As a preliminary matter, the undersigned observes that Plaintiff is not an ordinary litigant. As other courts in this district have observed, "Plaintiff is essentially a serial filer and continues to file the same actions repeatedly in different districts and divisions hoping for a different result." *Rolle v. Raysor*, No. 5-15-cv-268-JSM-PRL, (M.D. Fla. June 3, 2015) (denying plaintiff's motion to proceed *in forma pauperis* and dismissing the complaint as frivolous). A review of case filings for the Middle District of Florida reveals that Plaintiff has filed at least 19 actions in this district since 2007, including eight in 2015 alone.[2] Plaintiff has been repeatedly "warned that pursuant to Federal Rule of Civil Procedure 11 the Court may enter monetary or other sanctions against a

---

[2] Thus far in 2015, Plaintiff has filed the following cases: 5:15-cv-180-JSM-PRL, 5:15-cv-190-BJD-PRL, 5:15-cv-191-JSM-PRL, 5:15-cv-192-ACC-PRL, 5:15-cv-202-JSM-PRL, 5:15-cv-268-JSM-PRL, 5:15-cv-271-MMH-PRL, and 5:15-cv-285-MMH-PRL.

party for filing or pursuing frivolous actions," and that "Plaintiff's frivolous filings impinge upon the Court's responsibility to allocate its limited resources in the interests of justice." *Id*. at 2.

In the instant case, Plaintiff alleges claims against the United States Marshals Service arising from his arrest in 2002. (Doc. 1). Plaintiff claims agents of the United States Marshals Service caused him to be arrested based upon "improperly sworn" arrest warrants, in violation of his constitutional rights. (Doc. 1, p. 6). However, any claim under the Fourth Amendment for arrest without probable cause would fail due to Defendant's qualified immunity. Agents of Defendant would be entitled to qualified immunity if they had even arguable probable cause for filing the affidavit and report. *Rushing v. Parker*, 599 F.3d 1263, 1266 (11th Cir. 2010) ("In determining whether qualified immunity exists, the issue is not probable cause in fact but arguable probable cause.").

Further, Plaintiff concedes that he has already attempted to litigate the claims in his Complaint in the Northern District of Florida in 2006, with the result being a dismissal. Because it appears Plaintiff raised the same claims against the same defendants and a final judgment was rendered on the merits by a court of competent jurisdiction in the prior action, Plaintiff's claims in the present action are barred by the doctrine of res judicata. *See In re Piper Aircraft Corp*., 244 F.3d 1289, 1296 (11th Cir. 2001) (stating that res judicata applies if four elements are met: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action").

Even if Plaintiff's claims were not barred by the doctrine of res judicata, his complaint is still due to be dismissed. A court can dismiss a claim on statute-of-limitations grounds if it is apparent from the face of the complaint that the claim is time-barred. *La Grasta v. First Union*

*Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Because Plaintiff initiated this case in the State of Florida, which has a four-year statute of limitations for intentional torts under Florida Statutes § 95.11(3), Plaintiff's claims pursuant to § 1983 are subject to a four-year limitations period.

The actions of which Plaintiff complains occurred in 2002. Even assuming arguendo that Plaintiff's claims were meritorious, his claims began to accrue no later than 2002. Because this action was initiated on April 15, 2015, well-outside the applicable four-year limitations period, his claims are barred by the statute of limitations. Therefore, his complaint should be dismissed as frivolous. *See Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

Accordingly, like Plaintiff's numerous other filings in this Court, Plaintiff's Complaint in this case should be dismissed as frivolous. Further, as evidenced by Plaintiff's repeated filings, he has failed to heed the Court's prior warnings regarding sanctions for frivolous filings. **Consequently, Plaintiff is advised that if he files such frivolous actions in the future, he shall be subject to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.** In addition, Plaintiff may be deemed an abusive filer, Plaintiff's *in forma pauperis* status may be denied prospectively, and the Clerk may be directed to refuse to accept any further filings from Plaintiff absent the full filing fee. *See Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (finding that the "number, content, frequency, and disposition" of plaintiff's filings showed an abusive pattern, and revoking plaintiff's *in forma pauperis* privilege, and directing the Clerk of

the Court to refuse to accept any more of his appeals that were not accompanied by the full filing fee).

### III.   CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**;

2. Plaintiff's complaint (Doc. 1) be **DISMISSED** as frivolous; and

3. The Clerk be directed to terminate all pending motions and close this case.

**RECOMMENDED** in Ocala, Florida on July 1, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy